E-FILED
Wednesday, 08 July, 2026  03:45:30 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| BENJAMIN MCBROOM, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **Case No. 25-3058** |
| | ) |
| JOSEPH MEISTER *et al.*, | ) |
| Defendants. | ) |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff

Benjamin McBroom, an inmate at Pinckneyville Correctional Center. Plaintiff has also

filed a Motion for Courtesy Copies (Doc. 7).

I.      **Complaint**

        **A. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient

claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if

it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;

or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In

reviewing a complaint, the court accepts the factual allegations as true and construes

them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*,

721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

Plaintiff's pleading alleges constitutional violations against Lincoln Police Department ("LPD") Chief of Police Joseph Meister, LPD Corporal Jason Lucas, LPD Officers Jake Kitner and Ryan Sullivan, Logan County Assistant State's Attorney Joanna Johnson ("ASA Johnson"), Child Protection Investigator Nichol Komnick, Sadie Anne Johnson ("S. Johnson"), Beth Nestler, Logan County Sojourn Office ("Sojourn"), and LPD.

On March 24, 2021, Defendant S. Johnson made an allegedly "false, maliciously motivated report of domestic battery and, later that day, aggravated domestic battery against … Plaintiff." (Doc. 1 at 4.) Although Plaintiff acknowledges making physical contact with S. Johnson by wrestling her to the floor, he claims self-defense, explaining that S. Johnson initially attacked him. Afterward, S. Johnson walked to a store where an employee called the police after observing her appearance and agitation. Defendants Kitner, Lucas, and Sullivan responded.

Defendant S. Johnson showed Defendants Kitner, Lucas, and Sullivan a bruise to her eye, which Plaintiff asserts was self-inflicted during their altercation, and welts and bruises that Plaintiff claimed were preexisting. Plaintiff states that after being improperly influenced by Kitner, Lucas, and Sullivan, Johnson alleged that Plaintiff inflicted her injuries. Thereafter, Lucas arrested Plaintiff.

On March 25, 2021, Defendant S. Johnson met with Beth Nestler, a Sojourn employee, who assisted Plaintiff with completing an application for an order of protection. That same day, Defendant ASA Johnson filed an information charging Plaintiff with two misdemeanor counts of domestic battery and one felony count of

aggravated domestic battery. Plaintiff claims that Defendant Komnick, acting as an agent of both the LPD and the prosecution, was under the obligation to turn over exculpatory and impeachment evidence to the Logan County State's Attorney's Office, which Plaintiff claims was withheld.

Plaintiff was held in the Logan County Jail without bail for a week before bail was set at $20,000. Plaintiff surmises the high bail was the result of the erroneous felony charge for aggravated domestic battery, which he claims Defendant ASA Johnson and the LDP should have known was false.

Plaintiff's overarching claim is as follows:

> Defendants conspired to cause him to be falsely and maliciously prosecuted for Domestic Battery (in Logan County [case] 2021-CF-83), and subjected him to an unfounded Domestic Violence Order of Protection (in Logan County [case] 2021-OP-59, [which was] subsequently consolidated with the criminal case) that disrupted his custody of and visitation with his minor children … without justification or probable cause…."

(Doc. 1 at 1.)

**C. Analysis**

**1. Prior State Court Proceedings**

The Court takes judicial notice of the online dockets in Logan County case Nos. 2021OP59 ("21OP59"), 2021CF83 ("21CF83") and 2021CF133 ("21CF133"). *See* Logan County Court Records, https://www.judici.com/courts/cases/case_search.jsp?court= IL054025J (last visited July 3, 2026); *see also Daniel v. Cook County*, 833 F.3d 728, 742 (7th

Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

The docket in 21OP59 shows that following an *ex parte* hearing held on March 25, 2021, the court concluded that Defendant S. Johnson's testimony satisfied the statutory grounds for issuance of an emergency order of protection ("EOP"). The court granted the EOP, scheduled a hearing to conduct a plenary order of protection, and directed the circuit clerk to provide the Logan County Sheriff's Office with a copy of S. Johnson's petition, the court's EOP, and service of summons.

At the plenary hearing conducted on March 26, 2021, Defendants ASA Johnson and S. Johnson appeared in person, and Plaintiff appeared by video from the Logan County Sheriff's Office, where he was detained. The court consolidated 21OP59 into 21CF83, vacated the EOP issued in 21OP59, concluding that it was superseded by an EOP issued in 21CF83 on March 26, 2021, which remained effective.

On March 25, 2021, a Complaint was filed in 21CF83, charging Plaintiff with three counts of domestic battery. On March 26, 2021, the court issued a summons to the Logan County Sheriff's Office for service. That same day, Plaintiff appeared with his court-appointed public defender, and an emergency order of protection was entered. Thereafter, the Court extended the EOR an additional five times until September 29, 2021, when a plenary order of protection was entered. On February 29, 2024, the State moved to dismiss the charges in 21CF83, with leave to reinstate, which the court granted on March 4, 2024.

In June 2021, Plaintiff was arrested and charged by information with five counts of predatory criminal sexual assault of a minor under the age of thirteen in 21CF133. In August 2022, the State filed an amended information, alleging a total of thirteen counts of predatory criminal sexual assault. Specifically, the State alleged that Plaintiff sexually assaulted two of the four children he parented with Defendant S. Johnson. *People v. McBroom*, 2025 IL App (4th) 241044, ¶¶ 5, 9 (Ill. App. 4 Dist. 2025); (Doc. 1 at 4.). On May 3, 2024, the State dismissed six of the thirteen predatory criminal sexual assault counts. On May 23, 2024, "a jury convicted [Plaintiff] of seven counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2020))." *People v. McBroom*, 2025 IL App (4th) 241044, ¶ 1 (Ill. App. 4 Dist. 2025). The trial court sentenced Plaintiff to seven consecutive life sentences. *Id*. Plaintiff unsuccessfully appealed three of his seven convictions on speedy trial grounds. (*Id*.)

### 2. Claims Alleged

As earlier noted, Plaintiff asserts that on March 24, 2021, Defendant S. Johnson, whom Plaintiff acknowledges is a private person, falsely and maliciously alleged a claim of domestic violence against him. However, regardless of Plaintiff's conclusory assertion of falsity, which a state court found credible in initially granting an EOP and a subsequent plenary order of protection, Plaintiff does not state a claim against S. Johnson, as she was not acting under color of state law. *See Estate of Perry v. Wenzel*, 872 F.3d 439, 452 (7th Cir. 2017) ("To establish [a] § 1983 claim, [the plaintiff] must demonstrate that the individual defendants: (1) acted under the color of state law; and (2) deprived him of a constitutional right."). Additionally, Plaintiff's unsupported allegation that S. Johnson conspired with

state actors to deprive him of his constitutional rights is also insufficient to state a plausible claim. *See Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989) ("[P]rivate parties are not state actors when they merely call on the law for assistance, even though they may not have grounds to do so….").

Furthermore, Plaintiff does not state a claim against Defendants Kitner, Lucas, or Sullivan for arresting Plaintiff on March 24, 2021, based on their determination to believe Defendant S. Johnson's version of events, given their observation of her physical injuries, which Plaintiff confirms in his factual account. *See Venson v. Altamirano*, 749 F.3d 641, 649 (7th Cir. 2014) ("Probable cause to make an arrest exists when a reasonable person confronted with the sum total of the facts known to the officer at the time of the arrest would conclude that the person arrested has committed, is committing, or is about to commit a crime."); *See also United States v. Roth*, 201 F.3d 888, 893 ("Probable cause requires only a probability or a substantial chance of criminal activity not an actual showing of such activity.") (quoting *Illinois v. Gates*, 462 U.S. 213, 243–44 n.13 (1983)); *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) ("Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution.").

Additionally, Plaintiff does not provide any evidence that Defendants Kitner, Lucas, or Sullivan could control the charges brought against Plaintiff, as Defendant ASA Johnson, acting in her prosecutorial role, had the authority and discretion to determine whether to bring charges, what charges to bring, and when to bring them. *See United States v. LaBonte*, 520 U.S. 751, 762 (broad prosecutorial discretion to decide what charges

to bring is an "integral feature of the criminal justice system"). Therefore, Plaintiff also fails to state a plausible claim against Defendant Komnick for allegedly withholding evidence that Plaintiff claims would have affected ASA Johnson's charging decisions.

Furthermore, "state prosecutors enjoy absolute immunity from suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (concluding that indicting a person without probable cause, acting maliciously, refusing to consider exonerating evidence, presenting false evidence to a grand jury, and delaying trial "encompass prosecutorial acts or omissions for which . . . prosecutors enjoy absolute immunity.").

Plaintiff names Defendants Meister and Nestler based on their respective supervisory roles. In this regard, Plaintiff claims that Meister is responsible for setting policy, training, supervising, and disciplining subordinates, and Nestler is responsible for training Sojourn workers, LPD officers, and members of the Logan County State's Attorney's Office. However, supervisors cannot be held liable under the *respondeat superior* doctrine. *Jones v. Chicago*, 856 F.2d 985, 992 (7th Cir. 1988); *see also Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). Thus, without showing direct responsibility for the improper action, a supervisory official will not be

liable. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Similarly, Plaintiff does not state a plausible § 1983 claim against LDP or Sojourn because a building, such as a jail or correctional facility, cannot be sued under § 1983. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file a second amended complaint. If Plaintiff decides to file a second amended complaint, his amended pleading shall not exceed ten pages total and shall be the only exhibit appended to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must succinctly specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Rule 8 specifies what is required in the complaint: 'A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'") (quoting Fed. R. Civ. P.8(a)).

The Court informs Plaintiff that any attempt to join unrelated claims and

defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

## II.    Courtesy Copy

Plaintiff's Motion (Doc. 7) requesting a courtesy copy of his pleading is granted. However, any further requests for copies from the Clerk of the Court must identify the filing and be accompanied by a payment of fifty cents per page.

**IT IS THEREFORE ORDERED:**

1)    **Plaintiff's Motion for Courtesy Copy (Doc. 7) is GRANTED.**

2)    **The Clerk of the Court is DIRECTED to mail Plaintiff a copy of his pleading (Doc. 1).**

3)    **Plaintiff's Complaint is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

4)    **Plaintiff is GRANTED leave to file a second amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED July 8, 2026.


s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE